JUDGE FAILLA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NAJEE GARNETT,

15 CV 2930

                Plaintiff,

     -against-

THE CITY OF NEW YORK; MICHAEL CINTRON;        COMPLAINT
KARLINA CORTES; JULIO MEYRELES;
NORMAN ORTEGA; CHRISTOPHER REILLY;            Jury Trial Demanded
LUIS SANCHEZ; GASPAR SCIACCA; and
JOHN/JANE DOES, Nos. 1-10 (the names John and  ECF Case
Jane Doe being fictitious, as the true names are presently
unknown),



APR 15 2015
U.S.D.C. S.D.N.Y.

                Defendants.
------------------------------------------------------------x

       Plaintiff NAJEE GARNETT, by his attorney, Robert T. Perry, respectfully alleges as follows:

## NATURE OF ACTION

       1.     Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts supplemental claims under New York law.

## JURISDICTION AND VENUE

       2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.     The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4. The Court has jurisdiction over plaintiff's supplemental state law claims under 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiff's claims occurred in this district.

## JURY DEMAND

6. Plaintiff demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff NAJEE GARNETT is a resident of the City, County, and State of New York.

8. Defendant THE CITY OF NEW YORK ("the City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York. The City maintains the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which the City is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

9. Defendant MICHAEL CINTRON (Shield No. 22065) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Cintron was a police officer assigned to the 23rd Precinct. Defendant Cintron is being sued in his individual capacity.

10. Defendant KARLINA CORTES (Shield No. 13048) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the

relevant times herein, defendant Cortes was a police officer assigned to the 23rd Precinct. Defendant Cortes is being sued in her individual capacity.

11. Defendant JULIO MEYRELES (Shield No. 22000) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Meyreles was a police officer assigned to the 23rd Precinct. Defendant Meyreles is being sued in his individual capacity.

12. Defendant NORMAN ORTEGA (Shield No. 25560) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Ortega was a police officer assigned to the 23rd Precinct. Defendant Ortega is being sued in his individual capacity.

13. Defendant CHRISTOPHER REILLY (Shield No. 17570) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Reilly was a police officer assigned to the 23rd Precinct. Defendant Reilly is being sued in his individual capacity.

14. Defendant LUIS SANCHEZ (Shield No. 13506) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Sanchez was a police officer assigned to the 23rd Precinct. Defendant Sanchez is being sued in his individual capacity.

15. Defendant GASPAR SCIACCA (Shield No. 04264) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Sciacca was a sergeant assigned to the 23rd Precinct. Defendant Sciacca is being sued in his individual capacity.

16. All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe defendants are being sued in their individual and official capacities.

17. At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

18. At all relevant times herein, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

### The January 17, 2014 Incident

19. On Friday, January 17, 2014, at about 5:40 p.m., plaintiff was leaving the public housing building at 1839 Lexington Avenue in Manhattan, where he had been visiting a friend Shana Howard, who lived in Apartment 9F.

20. As plaintiff passed through the lobby on his way out of the building, police officers, including defendants Cintron, Cortes, Ortega, Reilly, Sanchez, and Sciacca, arbitrarily stopped, questioned, searched, and arrested plaintiff without probable cause to believe that plaintiff had committed any crime or offense, reasonable suspicion that criminal activity had occurred or was occurring, or even a common right to inquire of plaintiff.

4

21. Plaintiff was struck by officers in the back, face, head, and neck.

22. The officers who struck plaintiff used more force than was reasonably necessary to take plaintiff into custody.

23. Plaintiff did not provoke the assault on him and offered no physical resistance.

24. As a result of the police assault, at some point in the lobby or en route to the 23rd Precinct, plaintiff began suffering seizures and lapsed into a coma.

25. Plaintiff was taken to Metropolitan Hospital Center, where he remained in a coma for five or six days, until Wednesday or Thursday, January 22 or 23, 2014, and remained hospitalized until Saturday, January 25, 2014.

26. In connection with plaintiff's arrest, police officers, including defendants Cintron, Cortes, Ortega, Reilly, Sanchez and Sciacca, conspired to prepare and did prepare a false and misleading police report which they forwarded to the New York County District Attorney's Office ("District Attorney") and conspired to make and did make false and misleading statements to the District Attorney. As a result, the District Attorney decided to prosecute plaintiff.

27. On January 25, 2014, plaintiff was arraigned in the Criminal Court of the City of New York, New York County, and charged with Criminal Trespass in the Second Degree, Resisting Arrest, Attempted Tampering With Physical Evidence, Criminal Trespass in the Third Degree, and Unlawful Possession of Marijuana in a complaint sworn to by defendant Cortes, alleging, among other things, based on information provided by defendant Sanchez, that while transporting plaintiff to the 23rd Precinct, defendant Sanchez observed plaintiff swallow a white powdery substance known to be cocaine.

28. These allegations were false, as plaintiff never swallowed any white powdery substance, let alone cocaine.

29. Plaintiff pled not guilty and was released on his own recognizance.

30. Plaintiff thereafter made five more court appearances to defend himself against the criminal charges.

31. On October 8, 2014, the criminal charges were dismissed for failure to prosecute.

32. As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, loss of liberty, physical restraints, and violation of his constitutional rights.

**The February 14, 2014 Incident**

33. On Friday, February 14, 2014, at about 6:55 p.m., plaintiff entered the lobby of the public housing building at 1829 Lexington Avenue in Manhattan, where plaintiff had a standing invitation to visit from his friend Raymond Stargill, who lived in Apartment 8G.

34. Officers, including defendants Sanchez and Meyreles, arbitrarily stopped, questioned, searched, and arrested plaintiff without probable cause to believe that plaintiff had committed any crime or offense, reasonable suspicion that criminal activity had occurred or was occurring, or even a common right to inquire of plaintiff.

35. Plaintiff was taken to the 23rd Precinct, where he was made to remove his clothes and squat for inspection of his anal cavity without probable cause or reasonable suspicion to believe that he had committed any crime or offense.

36. No drugs or contraband were found on plaintiff's person or in his possession.

37. After several hours in custody, plaintiff was released with a desk appearance ticket charging him with Criminal Trespass in the Second Degree and Criminal Trespass in the Third Degree.

38. In connection with plaintiff's arrest, police officers, including defendants Sanchez and Meyreles, conspired to prepare and did prepare a false and misleading police report which they forwarded to the District Attorney and conspired to make and did make false and misleading statements to the District Attorney. As a result, the District Attorney decided to prosecute plaintiff.

39. On March 31, 2014, plaintiff was arraigned in the Criminal Court of the City of New York, New York County, on the criminal charges against him. Plaintiff pled not guilty and was released on his own recognizance.

40. Plaintiff thereafter made three more court appearances to defend himself against the criminal charges.

41. On July 30, 2014, the criminal charges were dismissed for failure to prosecute.

42. As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, loss of liberty, physical restraints, and violation of his constitutional rights.

### *Monell* Allegations

43. The above police misconduct occurred as a direct result of unconstitutional customs, policies, and practices of the City and the NYPD, including but not limited to: making unlawful stops, questioning, frisks, searches, and arrests in public housing buildings; arresting innocent people in order to meet productivity goals or arrest quotas or for professional

7

advancement, overtime compensation, and/or other objectives outside the ends of justice; and falsifying evidence in an attempt to justify a false arrest.

44. The existence of such unconstitutional customs, policies, and practices may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed against the City and NYPD police officers, as well as from notices of claims filed with the City's Office of Comptroller and complaints filed with the NYPD's Internal Affairs Bureau and the City's Civilian Complaint Review Board. *See, e.g., Davis v. City of New York*, 10 Civ. 699 (SAS), 902 F. Supp.2d 405 (S.D.N.Y. 2012) (granting in part and denying in part the City's motion for partial summary judgment in a class action alleging widespread pattern of unlawful stops, questioning, frisks, searches, and arrests in public housing buildings); *Garnett v. Undercover Officer C0039*, 13 Civ. 7083 (GHW), 2015 WL 1539044 (S.D.N.Y. April 6, 2015) (denying undercover officer's motion for judgment as a matter of law or alternatively for a new trial, where jury had found that undercover officer fabricated evidence to support conviction).

45. In denying the City's motion to dismiss a municipal liability claim in *Colon v. City of New York*, No. 09 Civ. 8 (JBW), 2009 WL 4263362 (E.D.N.Y. Nov. 25, 2009), the Honorable Jack B. Weinstein observed:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department, there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

*Id.* at *2.

46. Seemingly acknowledging the problem, then New York City Police Commissioner Raymond E. Kelly stated in October 2009, "When it happens, it's not for personal gain. It's more for convenience." Christine Hauser, *Few Results for Reports of Police Misconduct*, N.Y. Times, Oct. 5, 2009, at A19.

47. Between 2005 and 2009, the NYPD refused to prosecute 40% of the cases referred by the Civilian Complaint Review Board ("CCRB") for prosecution. Christine Hauser, *Few Results for Reports of Police Misconduct*, N.Y. Times, Oct. 5, 2009, at A19. Moreover, only 25% of the cases found substantiated by the CCRB during that period resulted in NYPD discipline more severe than verbal instructions. *Id.*

48. The City has inadequately screened, hired, retained, trained, and supervised police officers, including those named as defendants herein, to respect the constitutional rights of individuals with whom they come in contact.

## FIRST CLAIM FOR RELIEF

**(False Arrest Claim Under 42 U.S.C. § 1983 – The January 17, 2014 Incident)**

49. Plaintiff repeats and realleges paragraphs "1" through "48" with the same force and effect as if they were fully set forth herein.

50. Defendants, acting in concert and within the scope of their authority, stopped, arrested, and caused plaintiff to be imprisoned without probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

**(Excessive Force Claim Under 42 U.S.C. § 1983 – The January 17, 2014 Incident)**

51. Plaintiff repeats and realleges paragraphs "1" through "50" with the same force and effect as if they were fully set forth herein.

52. Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force in arresting plaintiff, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM FOR RELIEF

**(Malicious Prosecution Claim Under 42 U.S.C. § 1983 – The January 17, 2014 Incident)**

53. Plaintiff repeats and realleges paragraphs "1" through "52" with the same force and effect as if they were fully set forth herein.

54. Defendants, acting in concert and within the scope of their authority, caused plaintiff to be prosecuted with malice and without probable cause -- a prosecution that terminated in plaintiff's favor -- in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF

**(Violation-of-Right-to-Fair-Trial Claim under 42 U.S.C. § 1983 – The January 17, 2014 Incident)**

55. Plaintiff repeats and realleges paragraphs "1" through "54" with the same force and effect as if they were fully set forth herein.

56. Defendants created false, fabricated evidence against plaintiff and used that evidence against plaintiff in legal proceedings. As a result, plaintiff suffered a violation of his constitutional right to a fair trial, as guaranteed by the Fourteenth Amendments to the United

States Constitution.

## FIFTH CLAIM FOR RELIEF

**(Failure-to-Intervene Claim Under 42 U.S.C. § 1983 – The January 17, 2014 Incident)**

57. Plaintiff repeats and realleges paragraphs "1" through "56" with the same force and effect as if they were fully set forth herein.

58. Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to do so, in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## SIXTH CLAIM FOR RELIEF

**(False Arrest Claim Under 42 U.S.C. § 1983 – The February 14, 2014 Incident)**

59. Plaintiff repeats and realleges paragraphs "1" through "58" with the same force and effect as if they were fully set forth herein.

60. Defendants, acting in concert and within the scope of their authority, stopped, arrested, and caused plaintiff to be imprisoned without probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SEVENTH CLAIM FOR RELIEF

**(Unlawful Strip Search Claim Under 42 U.S.C. § 1983 – The February 14, 2014 Incident)**

61. Plaintiff repeats and realleges paragraphs "1" through "60" with the same force and effect as if they were fully set forth herein.

11

62. Defendants, acting in concert and within the scope of their authority, caused plaintiff to be strip searched without probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## EIGHTH CLAIM FOR RELIEF

**(Malicious Prosecution Claim Under 42 U.S.C. § 1983 – The February 14, 2014 Incident)**

63. Plaintiff repeats and realleges paragraphs "1" through "62" with the same force and effect as if they were fully set forth herein.

64. Defendants, acting in concert and within the scope of their authority, caused plaintiff to be prosecuted with malice and without probable cause -- a prosecution that terminated in plaintiff's favor -- in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## NINTH CLAIM FOR RELIEF

**(Violation-of-Right-to-Fair-Trial Claim under 42 U.S.C. § 1983 – The February 14, 2014 Incident)**

65. Plaintiff repeats and realleges paragraphs "1" through "64" with the same force and effect as if they were fully set forth herein.

66. Defendants created false, fabricated evidence against plaintiff and used that evidence against plaintiff in legal proceedings, in violation of plaintiff's right to a fair trial under the Fourteenth Amendment to the United States Constitution.

## TENTH CLAIM FOR RELIEF

**(Failure-to-Intervene Claim Under 42 U.S.C. § 1983 – The February 14, 2014 Incident)**

67. Plaintiff repeats and realleges paragraphs "1" through "66" with the same force and effect as if they were fully set forth herein.

68. Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to do so, in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## ELEVENTH CLAIM FOR RELIEF

**(Municipal Liability Claim Under 42 U.S.C. § 1983 – The January 17, 2014 Incident)**

69. Plaintiff repeats and realleges paragraphs "1" through "68" with the same force and effect as if they were fully set forth herein.

70. Defendants, singly and collectively, acting under color of state law, engaged in conduct that constituted customs, policies, and practices forbidden by the United States Constitution, including, but not limited to: making unlawful stops, questioning, frisks, searches, and arrests in public housing buildings; arresting innocent people in order to meet productivity goals or arrest quotas or for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and falsifying evidence in an attempt to justify a false arrest.

71. The City and the NYPD have inadequately screened, hired, retained, trained and supervised police officers.

72. The foregoing customs, policies, and practices constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

73. The foregoing customs, policies, and practices were the direct and proximate cause of the constitutional violations suffered by plaintiff.

74. The foregoing customs, policies, and practices were the moving force behind the constitutional violations suffered by plaintiff.

75. The foregoing customs, policies, and practices deprived plaintiff of the right to be free from unreasonable seizure, in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## TWELFTH CLAIM FOR RELIEF

**(Municipal Liability Claim Under 42 U.S.C. § 1983 – The February 14, 2014 Incident)**

76. Plaintiff repeats and realleges paragraphs "1" through "75" with the same force and effect as if they were fully set forth herein.

77. Defendants, singly and collectively, acting under color of state law, engaged in conduct that constituted customs, policies, and practices forbidden by the United States Constitution, including, but not limited to: making unlawful stops, questioning, frisks, searches, and arrests in public housing buildings; arresting innocent people in order to meet productivity goals or arrest quotas or for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and falsifying evidence in an attempt to justify a false arrest.

78. The City and the NYPD have inadequately screened, hired, retained, trained and supervised police officers.

79. The foregoing customs, policies, and practices constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

80. The foregoing customs, policies, and practices were the direct and proximate cause of the constitutional violations suffered by plaintiff.

81. The foregoing customs, policies, and practices were the moving force behind the constitutional violations suffered by plaintiff.

82. The foregoing customs, policies, and practices deprived plaintiff of the right to be free from unreasonable seizure, in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

### Supplemental State Law Claims

83. Plaintiff repeats and realleges paragraphs "1" through "82" with the same force and effect as if they were fully set forth herein.

84. Within ninety (90) days after the claims herein arose, plaintiff duly served upon, presented to, and filed with the City a Notice of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

85. More than thirty (30) days have elapsed since the presentation of plaintiff's claims to the City. The City has wholly neglected or refused to make an adjustment or payment thereof.

86. This action was commenced within one (1) year and ninety (90) days after the claims accrued.

87. Plaintiff has complied with all conditions precedent to maintaining the instant action.

## THIRTEENTH CLAIM FOR RELIEF

### (False Arrest Under New York Law)

88. Plaintiff repeats and realleges paragraphs "1" through "87" with the same force and effect as if they were fully set forth herein.

89. Defendants, acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, and without any warrant or authority to do so.

## FOURTEENTH CLAIM FOR RELIEF

### (Assault Under New York Law)

90. Plaintiff repeats and realleges paragraphs "1" through "89" with the same force and effect as if they were fully set forth herein.

91. Defendants, acting in concert and within the scope of their authority, placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

## FIFTEENTH CLAIM FOR RELIEF

### (Battery Under New York Law)

92. Plaintiff repeats and realleges paragraphs "1" through "91" with the same force and effect as if they were fully set forth herein.

93. Defendants, acting in concert and within the scope of their authority, made offensive contact with plaintiff without privilege or consent.

## SIXTEENTH CLAIM FOR RELIEF

### (Malicious Prosecution Under New York Law)

94. Plaintiff repeats and realleges paragraphs "1" through "93" with the same force and effect as if they were fully set forth herein.

95. Defendants, acting in concert and within the scope of their authority, caused plaintiff to be prosecuted with malice and without probable cause -- a prosecution that terminated in plaintiff's favor -- in violation of New York law.

## SEVENTEENTH CLAIM FOR RELIEF

### (*Respondeat Superior* Liability Under New York Law)

96. Plaintiff repeats and realleges paragraphs "1" through "95" with the same force and effect as if they were fully set forth herein.

97. The City is vicariously liable for the acts of their employees and agents who were on duty and acting in the scope of their employment when they engaged in the above unlawful conduct.

## EIGHTEENTH CLAIM FOR RELIEF

### (Negligent Screening, Hiring, and Retention Under New York Law)

98. Plaintiff repeats and realleges paragraphs "1" through "97" with the same force and effect as if they were fully set forth herein.

99. The City failed to use reasonable care in the screening, hiring, and retention of the NYPD employees who participated in the above unlawful conduct.

## NINETEENTH CLAIM FOR RELIEF

### (Negligent Training and Supervision Under New York Law)

100. Plaintiff repeats and realleges paragraphs "1" through "99" with the same force and effect as if they were fully set forth herein.

101. The City failed to use reasonable care in the training and supervision of the NYPD employees who participated in the above unlawful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands the following relief jointly and severally against all the defendants:

(A) Compensatory damages in an amount to be determined at trial;

(B) Punitive damages in an amount to be determined at trial;

(C) Reasonable attorney's fees and costs of this litigation; and

(D) Such other relief as this Court deems just and proper.

Dated:   Brooklyn, New York
         April 15, 2015

Respectfully submitted,

*Robert T. Perry*
ROBERT T. PERRY (RP-1199)
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
NAJEE GARNETT,

         Plaintiff,

   -against-

THE CITY OF NEW YORK; MICHAEL CINTRON;
KARLINA CORTES; JULIO MEYRELES;
NORMAN ORTEGA; CHRISTOPHER REILLY;
LUIS SANCHEZ; GASPAR SCIACCA; and
JOHN/JANE DOES, Nos. 1-10 (the names John and
Jane Doe being fictitious, as the true names are presently
unknown),

         Defendants.
------------------------------------------------------------------------x


# COMPLAINT


ROBERT T. PERRY
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*